SPIELBERG v. GOLDSTEIN et al.

(Supreme Court, Appellate Term. March 13, 1911.)

PRINCIPAL AND AGENT (§ 14*)—AUTHORITY—PRINCIPAL'S LIABILITY.

That the person who attended the "cloakroom" at an entertainment given by persons who hired defendant's hall acted under an understanding with defendant that such person should receive a part of the tips taken in the cloakroom did not make him defendant's agent, so as to make defendant liable for a shawl deposited there by plaintiff, who purchased a ticket for the entertainment, in absence of circumstances estopping defendant from denying that such person was his agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 26–33; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Rebecca Spielberg against Bernard Goldstein and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Morris M. Becher, for appellants.

Jacob C. Brand, for respondent.

SEABURY, J. The plaintiff sues to recover the value of a shawl alleged to have been lost upon premises owned by the defendants. It appears that the Leon Sanders Association rented a hall from the defendants for the purpose of giving an entertainment. Admission to the entertainment was obtained by tickets sold by the Leon Sanders Association. The plaintiff's husband purchased a ticket for the entertainment, and at this time was given what is called a "hat check." The "hat check" enabled the plaintiff and her husband to check their hats and coats at the coatroom. The coatroom was in charge of one Fischer, who conducted it under an arrangement with the defendants, upon the understanding that he was to receive a share of the "tips."

The plaintiff proved that she delivered a shawl to Fischer and that the shawl was lost. The record does not clearly disclose the exact relation which Fischer sustained to the defendants. The evidence is insufficient to justify the conclusion that Fischer was the agent of the defendants, nor does it show any act on the part of the defendants which would estop them from denying that Fischer was their agent. Upon this proof, the court below erred in denying the defendants' motion to dismiss the complaint.

The judgment is reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes